IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROL CHEATHAM                                                                                    PLAINTIFF

vs.                                        Civil No. 4:13-cv-04033

CAROLYN COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Carol Cheatham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on September 6, 2007.  (Tr. 100-110). Plaintiff alleged she was disabled due to arthritis, bipolar disorder, schizophrenia, major depressive disorder, migraine headaches, and glaucoma.  (Tr. 172).  Plaintiff alleged an onset date of January 12, 2007.  (Tr. 13, 172).  These applications were denied initially and again upon reconsideration. (Tr. 34-37).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff then requested an administrative hearing on her application. (Tr. 56-61). This hearing was held on February 10, 2009 in Texarkana, Arkansas. (Tr. 5-33). On May 29, 2009, the previous Administrative Law Judge entered an unfavorable decision denying Plaintiff's application for SSI and DIB. (Tr. 38-48). Thereafter, Plaintiff requested the Appeals Council review the decision. (Tr. 4). On October 23, 2009, the Appeals Council declined to review the decision. (Tr. 1-3, 857-859). The Plaintiff filed an appeal with the instant court, and on March 23, 2011 a memorandum opinion and judgment was entered reversing the prior decision and remanding the case for further consideration. (Tr. 860-868). Specifically, the case was remanded because the previous Administrative Law Judge did not perform a proper *Polaski* analysis. (Tr. 867, *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)).

On March 26, 2012, a hearing was held in Dallas, Texas. (Tr. 838-856). Plaintiff was present and was represented by counsel, Greg R. Giles, at this hearing. *Id.* Plaintiff and a medical expert ("ME"), Dr. Betty J. Feir, Ph.D., testified at this hearing. *Id*. On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c) (2008). (Tr. 840). The Plaintiff testified she completed the eleventh grade and did not obtain a General Equivalency Diploma ("GED"). (Tr. 841).

On August 15, 2012, the current Administrative Law Judge ("ALJ") entered a partially favorable decision finding a closed period of disability from January 12, 2007 through February 24, 2009. (Tr. 811-831). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2007. (Tr. 815, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 12, 2007, her alleged onset date. (Tr. 815, Finding 2). The ALJ determined Plaintiff had the following severe impairments from January 12,

2007 through February 24, 2009, the period during which she was under a disability: affective disorder or major depressive disorder, history of substance abuse, migraines, seizures, and back and leg pain. (Tr. 815, Finding 3). The ALJ also determined from January 12, 2007 through February 24, 2009, Plaintiff's impairments or combination of impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 820, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC from January 12, 2007 through February 24, 2009. (Tr. 820-821, Finding 5). Plaintiff retained the following RFC:

> After careful consideration of the entire record, [the undersigned] finds from January 12, 2007 through February 24, 2009, the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). The [Plaintiff] had the ability to lift 20 pounds occasionally and 10 pounds frequently and she could stand or walk for 6 hours in an 8 hour day and sit for 6 hours in an 8 hour day. She was further limited to no climbing, using ladders, ropes, scaffolds, or crawling; with only occasional balancing, stooping, bending, squatting, kneeling, or crouching. The [Plaintiff] was to avoid exposure to vibration, hazards/machines, driving, or heights; and was limited to frequent bi-lateral handling/fingering. In addition, the [Plaintiff] had significant difficulty maintaining attention for a two-hour segment or stay on task during a normal 8-hour workday or 40-hour workweek.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 823, Finding 6). The ALJ determined from January 12, 2007 through February 24, 2009, Plaintiff was unable to perform any PRW. *Id.* The ALJ based his determination upon Exhibit B5A/10 citing her PRW as a cook's helper, clean up worker, poultry plant gutter, and auto shop puller. (Tr. 823). The ALJ determined from January 12, 2007 through February 24, 2009, there were no jobs that existed in significant numbers in the national economy the Plaintiff could have performed. (Tr. 824, Finding 10). Based

3

upon this finding, the ALJ determined Plaintiff was under a disability as defined by the Act from January 12, 2007 through February 24, 2009. (Tr. 824, Finding 11).

The Plaintiff's substance abuse disorder was not a contributing factor material to the determination of disability. (Tr. 824, Finding 12). The ALJ found Plaintiff had not developed any new impairment or impairments since February 25, 2009, the date her disability ended, thus the current severe impairments were the same. (Tr. 824, Finding 13). Beginning February 25, 2009, Plaintiff had not had an impairment or combination of impairments that meets or medically equals the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 824, Finding 14). The ALJ determined medical improvement occurred as of February 25, 2009, the date the Plaintiff's disability ended. (Tr. 826, Finding 15). The medical improvement that occurred was related to the ability to work because there was an increase in the Plaintiff's RFC. (Tr. 826, Finding 16).

In this decision, the ALJ found that beginning February 25, 2009, the Plaintiff retained the following RFC:

> The Plaintiff has had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). The [Plaintiff] had the ability to lift 20 pounds occasionally and 10 pounds frequently and she could stand or walk for 6 hours in an 8 hour day and sit for 6 hours in an 8 hour day. She was limited to no climbing, using ladders, ropes, scaffolds, or crawling; with only occasional balancing, stooping, bending, squatting, kneeling, or crouching. The [Plaintiff] was to avoid exposure to vibration, hazards/machines, driving, or heights; and was limited to frequent bi-lateral handling/fingering. The Plaintiff has the ability to understand, carry out, and remember simple tasks and instructions.

(Tr. 826-827, Finding 17).

The ALJ determined the Plaintiff was still unable to perform PRW. (Tr. 830, Finding 18). The ALJ also determined beginning February 25, 2009, there were jobs that existed in significant

4

numbers in the national economy that the she could perform. (Tr. 830, Finding 22). The ALJ then used Medical-Vocational Guidelines Rule 202.18 to reach a conclusion that if the Plaintiff had the RFC to perform the full range of light work, a conclusion of "not disabled" would be directed based on Plaintiff's age, education, and work experience. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.20. (Tr. 831). The ALJ wrote, "however, the additional limitations have little or no effect on the occupational base of unskilled light work." *Id.* The ALJ then determined Plaintiff's disability ended February 25, 2009. (Tr. 831, Finding 23).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 806). On February 21, 2013, the Appeals Council declined to review this decision. (Tr. 789-791). On March 29, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 29, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the

plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10, Pg. 1-21. Specifically, Plaintiff claims the ALJ erred: (1) in failing to assess the combination of Plaintiff's non-exertional limitations as a result of her migraines, seizure disorder, and mental impairments, (2) in discrediting the opinions of Plaintiff's treating physicians who completed two RFCs finding her disabled, (3) in failing to properly assess the continued deterioration of Plaintiff's mental impairments, (4) in failing to discuss the combination of Plaintiff's non-exertional limitations, and (5) in failing to have a vocational expert ("VE") present at the hearing to present a hypothetical addressing the combination of Plaintiff's impairments. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Because this Court finds the ALJ erred in the failure to obtain VE testimony, this Court will only address this issue.

The ALJ determined the Plaintiff did not develop any new impairments since February 25, 2009, and the severe impairments remained the same. (Tr. 824, Finding 13). The severe impairments of affective disorder or major depressive disorder, history of substance abuse, migraines, seizures, and back and leg pain, include both physical and mental impairments. (Tr. 815). As a result, the Plaintiff's RFC contained exertional and nonexertional limitations. (Tr. 826-827, Finding 17). The nonexertional limitations included: no climbing, using ladders, ropes, scaffolds, or crawling; with only occasional balancing, stooping, bending, squatting, kneeling, or crouching. *Id.* The Plaintiff was also to avoid exposure to vibration, hazards/machines, driving, or heights; and

was limited to frequent bi-lateral handling/fingering. *Id.* In addition, Plaintiff has the ability to understand, carry out, and remember simple tasks and instructions. *Id.*

Nonexertional limitations are those that affect a claimant's ability to meet the demands of jobs other than the strength demands, that is demands other than sitting, walking, lifting, carrying, pushing or pulling. *Burnside v. Apfel*, 223 F.3d 840, 844 (8th Cir. 2000), quoting 20 C.F.R. §§ 404.1569(a), 416.969a. Nonexertional impairments can include hypertension, obesity, and pain. *Evans v. Chater*, 84 F.3d 1054, 1056 (8th Cir. 1996). For social security disability purposes, severe mental impairments are nonexertional limitations. *See* 20 C.F.R. §§ 404.1569a, 416.969a. In regards to combined exertional and nonexertional limitations, if your impairments and related symptoms, such as pain, affect your ability to meet both the strength and demands of jobs other than the strength demands, we will not directly apply the rules in appendix 2 unless there is a rule that directs a conclusion you are disabled based upon your strength limitations; otherwise the rules provide a framework to guide our decision. *Id.*

Where the claimant has a nonexertional impairment, such as pain, the ALJ may not exclusively rely on the vocational grids to determine disability but must also consider the testimony of a vocational expert. *Haley*, 258 F.3d at 747-48; *Vincent v. Apfel*, 264 F.3d 767, 769 (8th Cir. 2001). The exception to the general rule is that the ALJ may rely exclusively on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir.1993) (emphasis in original). In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed

in the Guidelines under the demands of day-to-day life. *Thompson v. Bowen*, 850 F.2d 346, 350 (8th Cir. 1988).

Under this standard, isolated occurrences will not preclude the use of the Guidelines, however, persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled. *Id.* However, if the claimant's nonexertional impairments diminish his or her residual functional capacity to perform the full range of activities listed in the Guidelines, the Secretary must produce expert vocational testimony or other similar evidence to establish there are jobs available in the national economy for a person with the claimant's characteristics. *Id.* at 349.

The Eighth Circuit has upheld a distinction regarding nonexertional limitations caused by severe mental impairments. *Brock v. Astrue*, 674 F.3d 1062, 1065-1066 (8th Cir. 2012) (because the ALJ determined [the claimant] suffered from severe mental impairments, the ALJ should have consulted a vocational expert in determining whether [the claimant] had the RFC to perform other jobs that exist in significant number in the national economy); *see also Vincent,* 264 F.3d at 769 (noting an ALJ must use vocational expert testimony to determine the RFC of a claimant who suffers from severe mental impairment).

In the present action, the ALJ acknowledged that if the Plaintiff had the RFC to perform the full range of light work, a finding of not disabled would be directed by Medical-Vocational Rule 202.18.  (Tr. 831).  The ALJ determined the additional limitations have little or no effect on the occupational base of unskilled light work, [and] a finding of not disabled is therefore appropriate under the framework of this rule. *Id.* However, the ALJ did not cite to any sources in the record to

9

support the above determination.

The Court finds Plaintiff's nonexertional impairments do significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *See Sanders v. Sullivan*, 983 F.2d 822, 823 (8th Cir 1992) (holding vocational expert testimony was required where disability benefits claimant's nonexertional impairments were significant enough to diminish his RFC because a consulting psychologist warned stress would likely exacerbate [claimant's] somatic complaints). For instance, Dr. Vora recommended she follow seizure precautions such as not driving, not operating heavy equipment, and not participating in any activity that could be dangerous in case of seizure. (Tr. 1206). The ALJ even acknowledged the Plaintiff's abnormal electroencephalogram ("EEG") clinically correlated the foregoing. (Tr. 829). Consequently, VE testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics is necessary.

Nevertheless, because the ALJ determined the Plaintiff suffered from severe mental impairments, the ALJ should have consulted a VE. Although available to testify at the hearing, the ALJ did not ask the VE any questions. (Tr. 838-856). The record does not reveal that interrogatories were sent to a VE. (Tr. 1-1308). The ALJ missed the opportunity to present the VE with hypotheticals and ask the VE if the Plaintiff had the RFC to perform other jobs that exist in significant number in the national economy. The Court finds the ALJ's determination in Finding 22 invaded the province of the VE. (Tr. 830-831). Accordingly, this case should be reversed and remanded to obtain further VE testimony.

### 3. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff beginning February 25, 2009, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **18th day of August 2014.**

                                                         /s/   Barry A. Bryant  
                                                         HON. BARRY A. BRYANT  
                                                         U. S. MAGISTRATE JUDGE